Please all rise. Here to you this Honorable Appellate Court for the 2nd Judicial District is now open. The Honorable William C. Brennan, presiding. Please be seated. Your Honor, the first case under Doctrine and Covenants is 2-21-0376. Michael Nutter v. Schiller, DuCanto & Fleck, LLP. And the record we see next is the defendant's appellate. Arguing on behalf of the defendant, Mr. Thomas W. Gooch. Arguing on behalf of the appellate, Mr. Adam J. Sabina. Mr. Gooch, you may proceed. Thank you, Your Honor. I'd also like to introduce the Court of Appliance. Mr. Nutter is also present. May it please the Court. Your Honor, this comes before you on a problem that's becoming increasingly relevant in illegal malpractice cases where the underlying case is a divorce case. And that occurs because divorce petitions for fees are filed almost immediately after the filing of a judgment for dissolution or withdrawal of the attorney that's going to seek fees. By the same token, preparing and filing a legal malpractice case, I've always felt there's some degree of diligence that's required before you're ready to file it. In this case, I need my glasses to read you the dates again. Mr. Gooch, with respect to the issue of diligence, what about providing a record in this court, for example, the hearing on the fee petition? Your Honor, in essence, there wasn't a hearing on the fee. We did not file an answer in the fee case. We put on no evidence in the fee case. Well, there was some type of a hearing, correct? There was a hearing that lasted approximately 10 minutes. There was no evidence given. It was determined on the basis of affidavits. There was no live testimony. Okay, but we don't know the basis. I mean, we don't know what the arguments were. There's nothing in the record about the judge's comments. So how do we review the propriety of the decision the judge made in the absence of a transcript or recorded proceedings? We quoted to you the findings of the judge in the order. She found the fees were reasonable and the alimony rates were appropriate, and that's all she found. What about the other issues that transpired later that Barron raised you to Cata? Do we know anything about any other? Are there any transcripts at all that have been submitted here at this case? I think we've given you the facts to show that we acted diligently in getting a legal malpractice case on file. The divorce division in King County, by local rule, does not take jury demands in divorce cases. The Marriage and Dissolution Act does not allow jury trials in divorce cases. Now, if you had a countercomplaint and it's merged, is that subject to the Divorce Act, or is it? You agreed. I mean, you filed and argued that the cases should be heard together. Yes, for judicial economy, it's speed, but not together to this extent, Justice Burkett. I'm sorry, I don't know. I said something funny. No, that's okay. I'm smiling because you're making arguments about what is not in the record. Okay, let me concentrate on what is in the record. We know that the petition for fees was filed. We know that I filed a countercomplaint within about 16 days of hearing the case, strike the countercomplaint, and complained to the Law Division of King County, and I filed it pursuant to local rules where a Law Division case is to be filed. We set forth the local rules. We know that there are no jury demands in divorce court or divorce proceedings or any kind of action underneath the Marriage and Dissolution Act. We know all those facts from the record before you. We know just from your common knowledge that a legal malpractice case is a fairly complex piece of litigation. It was filed as a separate case, and I recognize that there are some common issues of fact, but not all. Well, you argued that the cases should be heard together. Yes. That's what you argued that, and now you're arguing otherwise. No. No, sir. With all due respect, I'm not. I'm trying not to. What I'm suggesting to you is that the fee petition should have proceeded as a bench matter at the same time the jury was handling the legal malpractice questions. The one element that's not present in the fee petition is there is no requirement that the petitioner and the fee petitioner prove that he complied with the standard of care. There is that requirement in a legal malpractice case. There is, as an example, in fee petitions, there is no requirement that you have an expert witness to testify to the proper competency of an attorney. The only things that are relevant is whether or not the fees are reasonable and for necessary work, and the hourly rates are reasonable. Mr. Goldger, is that part of your argument why raised judicata does not apply to this case? Because obviously that's your argument. It doesn't apply, correct? Because the one element that's not present in a fee petition is proof of a violation of the standard of care. The petitioner doesn't have to prove it. The plaintiff in a legal malpractice case does have to prove it. And sometimes you just can't get these things on file quickly enough. And, of course, you have to have a clerk's office or a rule adopted that allows it even to be filed in the divorce division. But it was there at the time, the fee petition. You know, years ago, there was a case here, Justice McClure and Cassidy decided, where, you know, there wasn't time. This is the same thing. And you have split cases on this. I mean, we like Weisman, obviously, because they say there's different – there are different causes of action. But there have been other cases decided in this district and elsewhere that say they are. But by the same token, there are cases that say if you're exercising diligence and it's just not possible to have it done, then res judicata should not be enforced. Bearing in mind it's a fair remedy and an equitable remedy, and it's not designed to be used as a sword. And there are a lot of these cases that say that. The cases the appellee cites, such as Dowd, have no facts in comparison to this. I mean, there they tried to re-litigate the attorney fee issue. We're not litigating the fee issue at all in a malpractice case. The malpractice complaint, as part of the record, shows very clearly what we're upset about and where we believe the defendant was negligent. Mr. Kruger, are you also arguing there was no final judgment? I'm sorry, sir? Are you also arguing there was no final judgment entered in this case? I could not appeal from an order denying a continuous. First off, even if I could, it's a discretionary decision, and I'm well aware of how appellate courts are ruling on abuses of discretion. Well, it's a pretty high standard, right? Sir? It's a pretty high standard. Yeah, it truly is. Even if you could get an appellate court to hear a denial of a motion to continue, we all know that's not going to happen. I mean, you can't appeal. If we could appeal from denials of motions to continue, you folks would be pretty busy down here. I mean, it's just the way it is. So it's really a catch-22, but I do know this. With all of these procedural hurdles, with a record in one division, a record in this division, he should not be denied his due process rights, and that's what's happened in this case. He has a constitutional right to a jury trial, and he's not getting it because in order to keep a calendar current, a fee petition was heard immediately. It's not like that fee petition was pending for a year or anything else. How long was it pending? The fee petition was filed on August 28, 2020, and it was set for hearing at that time on November 16. I appeared on October 28, and you might be surprised to hear this, but there is not an abundance of lawyers who want to handle legal malpractice cases. I mean, I do recognize I'm never going to be president of Bar Association as a result, but it's the way it is. It takes a while for quite even a man who's an attorney, it takes a while for him to find a lawyer who, A, is experienced in legal malpractice. I'm not bragging, but I've been doing a lot of them. I've been here before. I've seen you before. Yeah. I mean, so, and it takes a while for somebody. I learned a long time ago in these cases you better spend some time with diligence before you file, more so than in any other kind of lawsuit, because if you make a mistake and you end up with a frivolous complaint, there's going to be a price to be paid. So anyway, we proceed. We file on October 28. We appear and file a motion to continue. That's 19 days to the hearing date. We file the malpractice case on November 10, 2020, six days before the fee petition. We get a motion to consolidate on file, which is what the local rules require. We don't have jurisdiction over the defendants yet in that case, and we've only had six days, and all we ask the divorce court to do is continue it so we can get the motion to consolidate heard. They say no, and I understand the divorce court has to keep their calendar current, but we shouldn't be penalized as a result, and that's what's happening here. We couldn't have, even if we wanted to file it, the court's office would not allow it. Jury cases are heard at the law division. Can I ask a question? In a fee petition dispute, can you assert legal malpractice as part of the argument to avoid paying the fees? No. No, if they're entitled to fees, they're entitled to fees. So that would not be a basis to say I don't want to pay because there was no malpractice? No, we don't use malpractice cases, or I don't use malpractice cases. But could legally? Could you legally use a malpractice case in order to avoid paying a fee that's due and owing? No, I don't think so. I don't think that should ever be done. I've heard of it being done. Insurance companies frequently say the leading cause of malpractice cases in divorce lawyers is to file you a fee petition. And I can tell you, in fact, there are some insurance carriers now that are saying that if you get sued and you file a fee petition, you don't have any coverage. I mean, that's how bad it's getting, but it shouldn't be done like that. Well, Mr. Coates, do you have any cases you can refer us to that stand for that proposition that it can't be done? I'm sorry, sir? Do you have any cases you can call our attention to that stand for the proposition that it couldn't be done? No. No, I wish it were. The closest case depends on your jurisdiction. We've decided that briefs is tasty, where it shows that you can still do them separately. A fellow shouldn't be denied a due process right. To me, the possibility of doing this is a factual question. And a 619 motion should never be granted when there's a factual question. And there is a factual question. Could we have done it there? Was it fair? Any number of things. Some of those things may be determined as a matter of law, but you have to have the facts and evidence first. And the trial judge, in my opinion, in the Watervision case, should not have granted that motion simply because there are factual questions. So I believe that Mr. Nutter is entitled to his day in court on a legal malpractice issue, and he should have it. He should not be precluded by something that really, or the statute says it's not, really becomes a summary proceeding. These divorce petitions are handled lickety-split, immediately following entry of judgment. There is no time for it. And, in fact, in some of these fee petitions, they won't even allow discovery to take place. And there should be when somebody is asking for, you know, hundreds of thousands of dollars in fees, or in this case, 90-some-odd thousand dollars in fees. You have a 60-day cutoff for discovery, and they file a petition in August, and they send it in November. There's not much time to do any discovery either. And there's not much time for anything because there are too many cases in that division. And I'm sympathetic to that. I'm not being critical of a divorce court judge. They're just the numbers are mind-boggling, and they have to move these things along. The system does not create the atmosphere to have a major piece of litigation added to it. You mentioned earlier that the argument on the fee petition was only about 10 minutes. Yeah, but that's a fair— So it would have been relatively cheap to order the transcript. All I said at the time was this case should not be heard now, today. We should get these things straightened out, and nobody was interested in that. But, again, it's a discretionary decision. And when you have that burden, you really can't say, well, the judge abused the discretion because she wants to keep her calendar current. That didn't read well here. Did you articulate the why, because your client wanted a jury trial and a malpractice? Yeah, my client did want a jury trial. Did he file for a jury demand when you filed the action? Yeah, he filed a jury demand into a malpractice case, yeah. It wouldn't have been nearly the problem if he hadn't. But I can also tell you this from my experience. The smart man requests a jury in a legal malpractice case for a lot of reasons, and it's not because the trial judge won't like him because he's a plaintiff in a legal malpractice case. There are a lot of other reasons to do it. I don't think I've ever filed a legal malpractice case without a jury demand, and I can't imagine the circumstances under which I would. But I believe your record is sufficient, just based on the things that are there, to realize that, yes, this guy should at least be allowed to put in some factual evidence in that legal malpractice case. If somebody's going to grant a jury instruction or a deferment of defense or something to register to cause an associate, he's at least had his day in court, and he should be entitled to that. Well, my point is, even if the legal issues of malpractice are not relevant in a decision on fees, it would be relevant to the divorce court judge to determine whether or not a continuance would be appropriate if the judge made some finding. I find that your argument is frivolous or something like that. Well, we put it in a reattached complaint. I mean, she was well aware of what was pending. She just, again, has a calendar that she got in court. So we're coming out of, you know, everybody and their brother is using COVID as an excuse for why something happened. But there's no question in 2020, we were in the midst of it. And that bears on it, too. So we ask you to reverse, and we ask you to allow Mr. Nutter to have his day in court. If there are no further questions, I don't have them. Did the judge make any suggestions? I realize it's not in the record. I was curious. Did the judge, to your recollection, make any statements about the medical malpractice case? Or, sorry, the legal malpractice case? You know, that's for another court. That's for another time. No, she didn't address it. It was in the motion that I filed. The motions that are attached to these briefs, I mean, the defendant spelled them out very clearly in what I argued in his own response brief in this case. The divorce court was interested in concluding the divorce matter in an expeditious manner, and that's not out of line by any means, not with the number of cases they have there. Thank you. You'll have an opportunity for rebuttal, Mr. Cooper. Thank you, Your Honor. Mr. Sidia? Good morning, Justices. I agree diligence is an important issue in this case. Unfortunately for Mr. Nutter, he didn't exercise sufficient diligence to preserve his malpractice claim here. Can I ask you a threshold question? What is your position on whether or not the record is sufficient here, in the absence of a transcript from the court of proceedings, for us to address these issues? I think it's sufficient to affirm the circuit court here. Any issue that could come from the hearing in the divorce action on the fee petition would speak to Mr. Nutter's case, and it's our position that that has nothing to do with the actual malpractice issues. This was decided on the pleadings, on the complaint that was filed, and comparing it to the fee petition that was filed in the divorce action to determine whether there was a common core of operative facts, which is the standard for res judicata. Well, for res judicata to apply, there's three distinct elements, as you know. Sure. One of which is the identity of the causes of action. Mr. Gooch is arguing strenuously to us that there is no identity of the cause of action. That's a missing element in the res judicata claim. What's your response to that argument? Well, the – and that's the only element he challenges of res judicata. I'd like to emphasize, too, he attacks the identity of the cause of action in two ways. Number one, he says the damages are different. Damages is an element of the claim. It's not an operative fact forming the basis of the claim. And I would cite Corcoran. There was a fraud claim issue raised along with the malpractice, and it was held that res judicata barred that. Even though fraud has a different set of elements and different damages, what this court looked to and what Illinois courts look to is the common set of operative facts that form the basis of the claim. The other grounds that, pardon me, Mr. Nutter is arguing that there's a lack of identity is this whole court of equity, court of law distinction, which since 1970 has been a non-issue in Illinois. The equitable legal distinction is an administrative compartmentalization and not a jurisdictional bar. And Rule 232 specifically allows a procedure for concurrent trial of equitable and legal claims, one to the court and one to the jury. And, in fact, Mr. Nutter cited Rule 232 in his motion to continue that he filed and then inexplicably never requested consolidation in the 20-21 days until the hearing on the fee petition. So neither one of those arguments carries weight here. Turning back to Corcoran, and I would also cite Bennett v. Gordon, both of which are in the briefs, both of those cases held that the reasonableness of the fees was the operative core of facts that was common to both the fee petition and the subsequent legal malpractice action. And, indeed, we have a written order issuing a finding here that the fees were reasonable and necessary for the underlying divorce case. So it's our position that if you're applying the transactional test properly, there is an identity in the causes of action between the fee petition and the malpractice action. And another thing to note, and another thing I think is key to the disposition of this case, is there was, as I said, 21 days from October 28th when the continuance was requested and the statement that consolidation would be appropriate was made up until the November 16th hearing on the fee petition. And then there was six days from the filing of the malpractice action on November 10th until the hearing on the fee petition on November 16th. So there were six days on which the malpractice action was already on file, and seeking consolidation was a simple matter of filing a motion. Now, if the court had ruled on it and denied that, then we'd be talking about a whole different position here. It would be something like the Wilson case where the client actually tried to challenge the fee petition, was barred from doing so by the court, and then the third district said, well, you did not have an opportunity to present the malpractice claim because the court barred you from doing it. Here, Nutter simply took no action at all. What about his argument that there was no final judgment in this case? I think that's plain wrong. The final judgment was the fee petition award. That was appealable, and as we all know, all orders leading up to that are appealable when that becomes appealable, and that would include the ruling on the motion or the denial of the motion to continue. But he's arguing the fee petition only discussed fees. It didn't talk about any malpractice issues. How do you respond to that? Well, he never brought it up. There was never any request to consolidate. The court couldn't rule on something it was never asked to rule on, and that falls on Nutter. He already had the action on file. He had already mentioned his intention to consolidate when he asked for the continuance, and yet he did nothing until the morning of the fee petition when the continuance was denied. There wasn't even a last-minute oral motion to consolidate, whatever good that would have done, and nothing was presented in the record to show any attempt to consolidate after that point. Another important topic to talk about here is, and the trial court really didn't rely on it in its ruling, but I think it's applicable, is the collateral attack doctrine, which is broader than res judicata and applies any time a subsequent action would have an effect to modify an existing final judgment. There's no question or dispute that the fee petition award is a valid judgment. It addressed the reasonableness and necessity of the fees, and what the malpractice action would do is effectively contest that and ask to modify it. And there was a question asked earlier that I would like to address as well about malpractice being asserted as a defense against a claim for a fee petition. I would argue, and again, there's no case explicitly stating so, although I think it's implicit in both the Corcoran and the Bennett v. Gordon rulings. It is an affirmative defense. Affirmative defense is, as we know, any matter in abatement or limiting the claim. And it would be no difference than asserting a comparative fault or something of that sort. It's something that the defendant has to affirmatively prove. In this case, it would go way beyond simply negating a fee award, but it's still a matter in abatement of the request for fees and, therefore, is properly asserted. And as under Illinois' application of res judicata, should be asserted if there's any issue with a fee petition filed. I know I asked that question. What if the legal malpractice is not discovered by the client until after the fee petition hearing is resolved? I mean, I can have a dispute that I can argue that these fees are excessive. Now, I don't even know that there's malpractice there. And we have that whole hearing. And then six months later, I find out they screwed up the quadro or something. And, oh, my gosh, this is terrible. And now I want to file a legal malpractice action. Under your argument, res judicata would bar that. Well, I'm not arguing it for a universal application. But in this case, this case is different from that scenario. And I think in that scenario, just speaking hypothetically, a case could be made that there was no operative. You could argue that the client could not have asserted the claim because he did not know about it and, therefore, should have, should have because could have doesn't apply because he could not. So the fact that here the malpractice complaint was filed. I think that is the key operative fact that disposes of this case. And I have addressed everything I would like to argue at this point. If there are no further questions, we would ask that this Court affirm the circuit court in all respects. All right. Thank you, counsel. Thank you. Mr. Grosz, rebuttal. Thank you, Your Honor. Rebuttal. That fee petition order still wasn't final. There are all sorts of post-decree matters going on that's in the record. Even after the fee petition, we couldn't have appealed. And we had the malpractice case then on file. I know you made comments about the record, but let me suggest to you, we have any number of things in the record, and including the Court's order on granting the fee petition, that's C-256, 257. Reading that order would indicate to you the extent of the hearing, so to speak, at that time. We get the record on the malpractice cluttered with things that aren't necessarily relevant to the malpractice action. We believe the fee petition order was relevant to show the brevity of it. It shows we – and the record shows there's no dispute in the record. We didn't participate by putting on evidence. We didn't even file an answer to it. We didn't do it because of your rulings in cases that suggest pursuant to the restatement that that favors this problem not occurring. But I think there's more than sufficient matters in the record for you to reach a decision. All we seek is our day in court. It happened too fast. It's not like it was six months after the fee petition hearing that we decided that there was some malpractice. Mr. Nutter may be an outstanding patent attorney, and I'm sure he is, but he's not a trial lawyer handling this type of litigation. So just because he's a lawyer doesn't mean that he knew there was legal malpractice. Timothy Weiler referred him to me to see about the fee petition, not legal malpractice. I came up with the legal malpractice theory, and I think I did it pretty courteously to all these dates and viewers. I wasn't comfortable. Can you respond to the argument that there was no motion to consolidate? There was no? No motion was filed to consolidate these actions. Yeah, we filed a motion to consolidate. It's in the record here. It's quoted in the defendant's brief, some of the allegations we made. What we said to the divorce court in our motion to continue was it was not And that's in the record, too, in our motion. There was not sufficient time to bring the motion to consolidate before the chief judge as local rules require because we could not get jurisdictions in six days. We might have been able to get them served, but they didn't have to appear for another 30 after the date of service, if, in fact, we could get them served within six days. There was a weekend in there besides. So how are we going to get a motion to consolidate heard? I recognized the problem, but we still put the motion to consolidate on file. We just couldn't notice it. And that's what we asked the divorce court to do, was to continue the hearing to allow us to have that motion to consolidate heard. And I remember remarking at the time, and I speak, I don't really care whether it gets consolidated into the divorce case just as long as there's a jury box in the courtroom or the divorce petition gets severed and is transferred to the Water Division to be heard concurrently. But we did, in fact, file that motion. There's much to do about that in the defendant's brief. I mean, they quoted some of the allegations I made in that motion. And it was filed, I believe, the same day we filed the illegal malpractice case. So, yeah, I think we acted as diligently as we could. In conclusion, I don't believe Mr. Nutter should be penalized and deprived of that day in court. So, again, we'd ask you to reverse. Thank you, Your Honor. Thank you. We appreciate the arguments by both counsel. The matter will be taken under advisement, and an opinion will issue in due course.